| | |
|---|---|
| **KENDRIA Y. WEST,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 3:17-cv-01450** |
| | )   **Judge Aleta A. Trauger** |
| **JP MORGAN CHASE,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM & ORDER

Plaintiff Kendria West has filed a *pro se* Complaint (Doc. No. 1) against JP Morgan Chase ("Chase"), asserting claims under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681–1681x. With her Complaint, she submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2). As it is clear from the plaintiff's submission that she lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the Application (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of the Complaint and dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488

(6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present Complaint, the plaintiff claims that Chase repeatedly ran a "hard" credit check on her through the credit reporting agencies ("CRAs") Equifax and Experian, even though she had never applied for a credit card through Chase. As a result, the plaintiff's credit score has been "artificially lower[ed]," making it impossible for her to apply for credit from sources with which she would like to do business. (Compl. ¶ 1.) More specifically, she claims that Chase "ran her credit" by requesting a copy of her credit report from the CRAs nine times between October 14, 2016 and October 31, 2017, even though she had not applied for credit. (Compl. ¶ 4 & Ex. A.) The first time it happened, she filed a police report and notified Chase, Equifax, and Experian by letter. (Comp. ¶ 4.) The plaintiff's letters are not in the record, but she attached a response from the Metropolitan Nashville Police Department, which notified her of steps she could take to protect her identity. (Compl. Ex. B.) She also attached a letter from Chase explaining that a request for credit submitted in her name was declined because Chase believed a third person might be attempting to obtain credit in the plaintiff's name. Chase likewise recommended that the plaintiff take steps to protect her personal information:

> We declined an application for a credit card because we couldn't confirm information on it. We're concerned someone may be using your personal information fraudulently.

> If you submitted this application, please call us . . . . This application will remain closed if we don't hear from you within 30 days from the date of this letter.

> There are steps you can take to protect your identify if you think your personal information has been compromised. . . .

(*See, e.g.*, Doc. No. 1, at 17.) The letter goes on to explain steps the recipient could take to

protect her identity. (*Id.*)

A letter from Experian attached to the Complaint simply indicates that Experian, at the plaintiff's request, deleted from her credit report the requests for credit history made by Chase Card on May 21, 2017, June 21, 2017, and July 1, 2017. (Compl. Ex. D.) The plaintiff describes Exhibit E as showing that Equifax has

> repeatedly refused to remove [the fraudulent credit report requests] and insisted that the information was correct when it was in FACT NOT ACCURATE as I did NOT apply! There appears to be some collusion between Chase and Equifax. The motive being to create "fear" which would cause me to purchase credit protection items and to pay for credit freezes from Equifax.

(Compl. ¶ 4.)[1]

> The plaintiff states:
>
> In addition, I've had an Amazon account at my address since 2002 and I've NEVER applied for a card through Amazon. I notified the CFPB about this and in 10/17 Chase AGAIN ran my credit but simply left off "Amazon" as the place where I'd applied. . . . I have been harmed by this malice because it artificially lowered my credit score which has left me unable to apply to legitimate companies for personal and professional credit. Additionally, it has cause [sic] me the mental anguish of having to fight back and forth to get this fraudulent information removed.

(Compl. ¶ 4.)

---

[1] The plaintiff also submitted with her Complaint two copies each of three compact discs, labeled, respectively, "Kendria Y. West vs. USA OPM," "Kendria Y. West vs. Equifax," and "Kendria Y. West v. JP Morgan Chase." The first disc includes, in PDF format, a Civil Cover Sheet and complaint against the United States of America, purporting to assert claims for "Privacy Act violations" against the United States Office of Personnel Management. The plaintiff alleges that her personal information and data were stolen as a result of the data breach that took place in 2015. She alleges that it is "likely . . . that this data breach is the source of Chase obtaining my information to illegally run my credit file." Likewise, the disc labeled "Kendria Y. West vs. Equifax" contains a Civil Cover Sheet and complaint naming Equifax as a defendant. This draft makes essentially the same factual allegations as the Complaint actually filed in this court against JP Morgan Chase, but it also contains additional allegations directed at Equifax. The third disc contains copies in PDF format of the Complaint and exhibits filed in this case. To date, the plaintiff has not actually initiated lawsuits against either the United States Office of Personnel Management or Equifax in this court.

The plaintiff seeks monetary damages and injunctive relief.

The plaintiff's claim is brought under the FCRA, which regulates credit reports, provides guidelines for CRAs and for entities that furnish consumer information to credit reporting agencies, and provides other protections for consumers. *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005) (citing 15 U.S.C. § 1681(a)). The statute principally regulates three "main actors": (1) CRAs; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *Id.*

In this case, the plaintiff appears to be a "consumer" within the meaning of 15 U.S.C. § 1681a(c). The defendant is not a CRA, that is, a business that "furnishes consumer reports to third parties." 15 U.S.C. § 1681a(f). The defendant might, instead, be considered a company that furnishes information to credit reporting agencies. Although the statute does not expressly define the term "furnishers of information," the statute delineating such furnishers' duties implies that a furnisher of information is any entity that provides information "relating to a consumer" to any consumer reporting agency. 15 U.S.C. § 1681s-2(a)(1)(A) & (B); *see also Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999) (defining furnisher of information as "any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies").

"The FCRA imposes two broad duties on entities that furnish information to a credit reporting agency: (1) a duty to provide accurate information; and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency." *Ruggiero*, 411 F. Supp. 2d at 736 (citing 15 U.S.C. §§ 1681s-2(a) & -2(b)). The plaintiff here does not state a cause of action based on the violation of either duty.

First, she does not actually allege that Chase provided any information about her—

regarding a particular debt or otherwise—to the CRAs. Instead, Chase sought access to the information in plaintiff's credit reports as maintained by Experian and Equifax. However, even if the court presumes, for purposes of this initial review, that Chase qualifies as a furnisher of credit information and that requesting the plaintiff's credit report, despite knowing or suspecting that some third party was trying to open a credit card in the plaintiff's name, constituted the reporting of false information, liability under the FCRA does not attach. While the FCRA imposes a duty upon such furnishers to report accurate information to CRAs regarding a consumer's credit, 15 U.S.C. § 1681s-2(a)(1)(A), the Sixth Circuit has repeatedly confirmed that a consumer has no private cause of action under the FCRA based on a furnisher's violation of its duty to report truthful information. *See, e.g.*, *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) ("[Section] 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a CRA." (citations omitted)); *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358–59 (6th Cir. 2005) ("[A] consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthful information . . . ."). Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Consequently, the Complaint fails to state a claim upon which relief can be granted under the FCRA based on Chase's allegedly reporting false information.

The FCRA does create a private cause of action against entities that furnish credit information under 15 U.S.C. § 1681s-2(b), but only for violation of the furnisher's duty to undertake an investigation upon receipt of a notice of dispute from a CRA. *Boggio*, 696 F.3d at 615–16; *Bach*, 149 F. App'x at 358. The Sixth Circuit has held that a private right of action exists under this section only if plaintiff shows that the furnisher received notice from a CRA, not the

plaintiff, that the credit information is disputed. *Boggio*, 696 F.3d at 616; *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004). Consequently, to state a claim, plaintiff must allege that she complained to a CRA, that the CRA notified the defendant of the dispute, and that the defendant "acted with a 'reckless disregard' in performing its duties under § 1681s-2(b), which include conducting an investigation and reviewing any information provided by the consumer reporting agency." *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 912 (S.D. Ohio) (citing *Boggio*, 696 F.3d at 616–18). Although the plaintiff alleges that she complained to both Chase and the CRAs, she does not allege that Chase received notification from a CRA concerning the existence of a dispute, or that it recklessly failed to act on such notice. Under these circumstances, the Complaint fails to state a claim under § 1681s-2(b) either.

In sum, the court finds that the complaint fails to state a claim under the FCRA for which relief may be granted. The complaint is, therefore, **DISMISSED WITH PREJUDICE**.

This is the final Order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 22nd day of November 2017.

_____
ALETA A. TRAUGER
United States District Judge